IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Privateer Sailing Excursions, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action 2:18-cv-02734-DCN ) |
| Chukka Caribbean Adventures (TCI), LTD., Chukka Caribbean Adventures, Limited, Alexander Melville, Marc Melville, John Byles, and Danielle Melville, Jr., *In personam*, | ) ) ) ) ) ) ) |
| Defendants. | ) ) (Non-Jury) |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

COMES NOW Privateer Sailing Excursions, Inc. ("Privateer Sailing"), Plaintiff in the above captioned action, and, complaining of Defendants, shows this Honorable Court as follows:

1. This is an action by a Lender/Mortgagee against Borrower/Mortgagor and Guarantors for default under the terms of a vessel financing arrangement, evidenced in part by a Promissory Note and secured by a Preferred Ship Mortgage.

2. This case is within the original admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333(1), and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. This case is governed by the Statutory and General Maritime

1

Law of the United States, and laws supplemental thereto and amendatory thereof.

4.   On information and belief, at all times material hereto, the VIRGIN STAR ("Vessel") was and is a vessel in navigation upon the high seas and territorial waters of the Turks & Caicos Islands, and currently making commercial voyages in the Turks & Caicos Islands.

5.   On information and belief, the Defendant, Chukka Caribbean Adventures, (TCI), Ltd. ("Chukka TCI"), is a corporation formed and existing by virtue of the statutes and laws of Turks & Caicos Islands, with a principal place of business at Richmond House Annex, Leeward Highway, Providenciales, Turks & Caicos Islands, and is the record owner and operator of the Vessel.

6.   On information and belief, Defendant Chukka Caribbean Adventures, Limited ("Chukka Saint Lucia") is a corporation formed and existing by virtue of the statutes and laws of Saint Lucia of Castries, Saint Lucia, with a business office and principal place of business at Financial & Corporate Services, Ltd., Bourbon House, Bourbon Street, Castries, Saint Lucia.

7.   On information and belief, Defendant Alexander Melville is a citizen and resident of Jamaica, whose business address is Shop #2, Montego Freeport, Shopping Centre, Montego Bay, Jamaica.

8.   On information and belief, Defendant Marc Melville is a citizen and resident of Jamaica, whose business address is Shop

2

#2, Montego Freeport, Shopping Centre, Montego Bay, Jamaica.

9.  On information and belief, Defendant John Byles is a citizen and resident of Jamaica, whose business address is Shop #2, Montego Freeport, Shopping Centre, Montego Bay, Jamaica.

10. On information and belief, Defendant Danielle Melville, Jr. is a citizen and resident of Jamaica, whose business address is Shop #2, Montego Freeport, Shopping Centre, Montego Bay, Jamaica.

11. Plaintiff invokes the original admiralty and maritime jurisdiction of this Honorable Court in accordance with 28 U.S.C. § 1333(1).

12. This Court has personal jurisdiction over all Defendants, because Defendants consented to jurisdiction in this Court and waived any objections to jurisdiction in this Court per the Note, Mortgage, Modification, and Guaranties described herein (collectively, "the loan documents").

13. Venue is proper under 28 U.S.C. § 1391(b)(3) and (c)(3), because Defendants are subject to this Court's personal jurisdiction and Defendants waived any objections to venue in this Court per the loan documents.

FOR A FIRST CAUSE OF ACTION
(Default – Note and Ship Mortgage)

14. Plaintiff restates the above allegations as fully as if set forth herein verbatim.

15. On or about September 25, 2015, in consideration of a

3

purchase money loan of $500,000.00 from Plaintiff, Defendant Chukka TCI executed and delivered a Promissory Note in the amount of $500,000.00 in favor of Plaintiff ("Note"), a true and correct copy of which is attached hereto as an Exhibit and incorporated herein by reference.

16.   On or about September 25, 2015, Defendant Chukka TCI duly and validly executed and delivered a Preferred Ship Mortgage on the vessel VIRGIN STAR to secure the loan ("Mortgage"), a true and correct copy of which is attached hereto as an Exhibit and incorporated herein by reference.

17.   Thereafter the duly and validly executed Mortgage was recorded in the public register in accordance with the laws of the Turks & Caicos Islands.

18.   On or about September 25, 2015, Defendant Chukka Saint Lucia executed and delivered a Guaranty Agreement unconditionally and irrevocably guaranteeing payment and performance of all obligations in the Note and Mortgage ("Chukka Saint Lucia Guaranty"), a true and correct copy of which is attached hereto as an Exhibit and incorporated herein by reference.

19.   On or about September 25, 2015, Defendant Alexander Melville executed and delivered a Guaranty Agreement unconditionally and irrevocably guaranteeing payment and performance of all obligations in the Note and Mortgage ("Alexander Melville Guaranty"), a true and correct copy of which is attached

hereto as an Exhibit and incorporated herein by reference.

20. On or about September 25, 2015, Defendant Marc Melville executed and delivered a Guaranty Agreement unconditionally and irrevocably guaranteeing payment and performance of all obligations in the Note and Mortgage ("Marc Melville Guaranty"), a true and correct copy of which is attached hereto as an Exhibit and incorporated herein by reference.

21. On or about September 25, 2015, Defendant John Byles executed and delivered a Guaranty Agreement unconditionally and irrevocably guaranteeing payment and performance of all obligations in the Note and Mortgage ("John Byles Guaranty"), a true and correct copy of which is attached hereto as an Exhibit and incorporated herein by reference.

22. On or about September 25, 2015, Defendant Danielle Melville, Jr. executed and delivered a Guaranty Agreement unconditionally and irrevocably guaranteeing payment and performance of all obligations in the Note and Mortgage ("Danielle Melville, Jr. Guaranty"), a true and correct copy of which is attached hereto as an Exhibit and incorporated herein by reference.

23. In late 2017 the Vessel was damaged by one or more storms while it was covered by a policy of marine insurance with Arthur J. Gallagher (UK) LTD.

24. Thereafter Defendant Chukka TCI, as the insured under the policy, filed an insurance claim for damage sustained by the

5

vessel.

25. Plaintiff was an additional loss payee under the policy.

26. The insurance claim was settled for $165,500.00.

27. On or after January 19, 2018 Defendant Chukka TCI and Plaintiff executed a Modification Agreement ("Modification"), which required Defendants to pay Plaintiff the $165,500.00 insurance settlement funds and to pay Plaintiff eight additional monthly payments of $9,422.21.

28. Defendants defaulted under the terms of the Modification, by failing to pay the $9,422.21 payment due on September 1, 2018.

29. Plaintiff gave Defendants written notice of the default, but Defendants refused to pay.

30. Paragraph 4 of the Modification provides, "If Borrower fails to perform its obligations set forth in paragraphs 1 and 2 above, the entire loan shall be accelerated and the full amount of principal, with all interest, late fees, collection costs, and attorney's fees shall become immediately due and payable."

31. Defendants failed to perform their obligation to make the September 1, 2018 payment of $9,422.21.

32. Defendants are in default under the terms of the Modification, Note, Mortgage, and said Guaranties.

33. Plaintiff has fully performed under the loan documents and is owner and holder of the said Note, Mortgage, Modification,

6

and Guaranties.

34. In accordance with 46 U.S.C. §§ 31325 and 31304, Plaintiff seeks a money judgment and seeks full protection and enforcement of its cumulative rights and remedies, none of which is to be regarded as waived.

35. The entire debt owed under the loan documents is immediately due and payable without further demand and remains unpaid as of the filing of this Complaint.

36. Plaintiff reserves all its rights to pursue an *in rem* action against the vessel where ever she may be found.

37. As a direct and proximate result of Defendants' default, under the terms of the Modification, Note, Mortgage, and Guaranties, Plaintiff has suffered a monetary loss and is entitled to $52,872.89 unpaid principal, $ 942.20 late fees, and $ 481.65 accrued interest, as well as $1,156.60 future interest (estimated), $1,413.30 future late fees (estimated), $800.00 collection costs (estimated), and $6,500.00 attorneys' fees (estimated).

38. Due to Defendants' default, Plaintiff is entitled to judgment against all Defendants jointly and severally in the amount of $64,166.64 as best is can be determined at this time.

39. Unless and until Plaintiff has received full repayment of the said loan, Defendants have a duty to preserve, protect and maximize the net present value of the Vessel, their assets, and

7

their earnings for Plaintiff's benefit.

WHEREFORE, by reason of the foregoing, Plaintiff prays that summons issue as to all Defendants herein; that the Defendants be made to appear and answer the aforesaid matters; that judgment be rendered for Plaintiff and against the Defendants, jointly and severally, for all actual damages, consequential damages, unpaid principal, interest, late fees, collection costs, and attorneys' fees in an amount not less than $64,166.64; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

                RESPECTFULLY SUBMITTED:

                JOHN HUGHES COOPER, P.C.

                By: /s/John Hughes Cooper
                JOHN HUGHES COOPER, ESQUIRE
                    Federal Court ID 298
                    South Carolina Bar 1387
                    State Bar of Georgia 185986
                    shiplaw@jhcooper.com
                JOHN TOWNSEND COOPER, ESQUIRE
                    Federal Court ID 10172
                    South Carolina Bar 76087
                    jtc@jhcooper.com
                1476 Ben Sawyer Blvd., Suite 11
                Mt. Pleasant, SC 29464
                843-883-9099; fax 843-883-9335

            ATTORNEYS FOR PLAINTIFF,
            PRIVATEER SAILING EXCURSIONS, INC.

October 8, 2018
Mt. Pleasant, South Carolina

## V E R I F I C A T I O N

PERSONALLY APPEARED BY ELECTRONIC MEANS CONFIRMED BY COUNSEL, Alison Jayne, who, under penalty of perjury, deposes and says:

a) My name is Alison Jayne and I am Vice-President of Privateer Sailing Excursions, Inc., Plaintiff in the instant action. I am over 18, of sound mind, and a nonresident of South Carolina.

b) I have read the foregoing PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT and know the contents thereof and the same are true and correct to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

c) The sources of my information and the grounds of my belief are, my personal knowledge, and documents in my possession.

d) My signature hereon, transmitted by electronic means because I am currently out of the State of South Carolina, shall be as enforceable as an original.

e) The above statements are true and correct under penalty of perjury.

_____          10/05/2018
Alison Jayne                               Date

# V E R I F I C A T I O N

PERSONALLY APPEARED BY ELECTRONIC MEANS CONFIRMED BY COUNSEL, Alison Jayne, who, under penalty of perjury, deposes and says:

a) My name is Alison Jayne and I am Vice-President of Privateer Sailing Excursions, Inc., Plaintiff in the instant action. I am over 18, of sound mind, and a nonresident of South Carolina.

b) I have read the foregoing PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT and know the contents thereof and the same are true and correct to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

c) The sources of my information and the grounds of my belief are, my personal knowledge, and documents in my possession.

d) My signature hereon, transmitted by electronic means because I am currently out of the State of South Carolina, shall be as enforceable as an original.

e) The above statements are true and correct under penalty of perjury.

_____     10/05/2018
Alison Jayne                      Date

9